**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DANIEL INCOLLINGO and          :
SANDRA INCOLLINGO              :
22 Dublin Way                  :     CIVIL ACTION - LAW
Aston, PA 19014                :
                               :
    v.                         :
                               :
ALAN RIVERA                    :
218 Woodlane Avenue            :
Florence, New Jersey 08518     :
    and                        :     **JURY TRIAL DEMANDED**
BERGEY'S TRUCKS, INC.          :
7255 North Crescent Boulevard  :
Pennsauken, NJ 08110           :
    and                        :
ECKLEY LOGISTICS SYSTEMS INC.  :
Windsor Industrial Park        :
92 N. Main Street, #1A         :
Windsor, NJ 08561              :     No.:

## <u>COMPLAINT</u>

Plaintiffs, Daniel Incollingo and Sandra Incollingo, by and through the undersigned counsel, complain about Defendants as follows:

1.    Plaintiffs, Daniel Incollingo and Sandra Incollingo, are adult married individuals and citizens of the Commonwealth of Pennsylvania residing at 22 Dublin Way, Aston, PA 19014.

2.    At all times herein concerned, Defendant, Alan Rivera, (hereinafter referred to as "Rivera") is an adult individual and citizen of the State of New Jersey residing at 218 Woodlane Avenue, Florence, New Jersey 08518.

3.    At all times herein concerned, Defendant, Bergey's Trucks, Inc., (hereinafter referred to as "Bergey's") is a corporation registered in the State of New Jersey and a citizen of the State of New Jersey with a principal place of business located at 7255 North Crescent Boulevard, Pennsauken, NJ 08110.

4.     At all times herein concerned, Defendant, Eckley Logistics Systems Inc., (hereinafter referred to as "Eckley") is a corporation registered in the State of New Jersey and a citizen of the State of New Jersey, with a principal place of business located at 92 N. Main Street, #1A, Windsor, NJ 08561.

5.     This Court has jurisdiction based upon diversity of citizenship and requisite amount in controversy, pursuant to 28 U.S.C. §1332.

6.     At all times herein concerned, Defendant, Eckley operates as a DOT regulated motor carrier, engaged in the business of transporting goods for customers, as well as interstate deliveries.

7.     At all times herein concerned, Defendant, Eckley operates under DOT#1340903 and Docket #AC513673.

8.     At all times herein concerned, Plaintiff, Daniel Incollingo, owned, maintained, serviced, operated and controlled a 2012 Mercedes S63 motor vehicle, bearing Pennsylvania registration plate #JRA1633, which was involved in the hereinafter mentioned collision.

9.     At all times herein concerned, Defendant, Bergey's, owned, leased, rented, maintained, serviced and controlled a 2017 Box Truck, bearing New Jersey registration plate #XEDM80, which was involved in the hereinafter mentioned collision.

10.    In the alternative, Defendant, Eckley, leased, rented, maintained, serviced and controlled the aforesaid 2017 Box Truck, bearing New Jersey registration plate #XEDM80, from Defendant, Bergey, which was involved in the hereinafter mentioned collision.

11.    In the alternative, at all times herein concerned, Defendant, Rivera, operated and controlled the aforesaid 2017 Box Truck, in his individual capacity with the knowledge and permission of Defendant, Bergey's.

12.    In the alternative, at all times herein concerned, Defendant, Rivera, operated and controlled the aforesaid 2017 Box Truck, in his individual capacity with the knowledge and permission of Defendant, Eckley.

13.     At all times herein concerned, Defendant, Rivera, operated and controlled the aforesaid 2017 Box Truck, as the agent, servant, workman and/or employee of the Defendant, Bergey's, and acting within the business of said Defendant, Bergey's, and acting within the scope of his employment or agency by said Defendant, Bergey's.

14.     In the alternative, at all times herein concerned, Defendant, Rivera, operated and controlled the aforesaid 2017 Box Truck, as the agent, servant, workman and/or employee of the Defendant, Eckley, and acting within the business of said Defendant, Eckley, and acting within the scope of his employment or agency by said Defendant, Eckley.

15.     In the alternative, it is believed and therefore averred that Defendant, Eckley rented and/or leased the aforesaid 2017 Box Truck from Defendant, Bergey's.

16.     On or about November 24, 2021, at approximately 2:42 p.m., the aforesaid 2012 Mercedes Benz S63 motor vehicle was traveling north on Route 352, Middletown Township, Delaware County, Pennsylvania, entered the exclusive left turn lane at Knowlton Road and proceeded into the intersection on a green arrow and then stopped when the left turn arrow changed to a flashing yellow light and waited for oncoming traffic to clear in order to complete a left turn onto Knowlton Road.  When southbound traffic stopped for the red light, the aforesaid 2012 Mercedes Benz S63 motor vehicle proceeded to complete the left turn onto Knowlton Road when, suddenly and without warning, the aforesaid 2017 Box Truck which was traveling south on Route 352, failed to stop for the red traffic signal, entered the intersection on the steady red light, and drove directly into the 2012 Mercedes Benz S63 motor vehicle, violently striking the passenger side rear quarter panel of the 2012 Mercedes Benz S63 motor vehicle, whereby Plaintiff, Daniel Incollingo, sustained severe and permanent injuries, as more fully set forth hereinafter.

17.     At the time of the subject motor vehicle collision, it is believed and therefore averred that Defendant, Rivera, was not paying attention and driving distracted, which resulted in his failure to slow or stop his vehicle before striking Plaintiff's vehicle.

3

18.     At the time of the subject motor vehicle collision, it is believed and therefore averred that Defendant, Rivera, was using his cell phone, which was a cause of his failure to slow or stop his vehicle.

19.     At the time of the subject motor vehicle collision, it is believed and therefore averred that Defendant, Rivera, was texting on his cell phone, which was a cause of his failure to slow or stop his vehicle.

20.     Because Defendant, Rivera, was driving distracted, he drove the aforesaid 2017 Box Truck directly into the aforesaid 2012 Mercedes S63 motor vehicle.

21.     Given Defendant, Rivera's use of the cell phone and driving distracted, he caused a motor vehicle collision because he was unable to safely operate his motor vehicle.

## COUNT I

## PLAINTIFF, DANIEL INCOLLINGO v. DEFENDANT, ALAN RIVERA
## NEGLIGENCE

22.     Plaintiffs herein incorporate by reference the allegations contained in paragraphs 1through 21 above, as fully as though the same were set forth herein at length.

23.     The aforesaid collision was caused by the recklessness, carelessness and negligence of Defendant, Rivera, and consisted of the following:

  a. Failing to stop at the red traffic control signal at the intersection of Route 352 and Knowlton Road, causing the collision, which collision would not have occurred had Defendant, Rivera, stopped for the red traffic signal;

  b. Failing to have the aforesaid 2017 Box Truck under proper and adequate control under the circumstances;

  c. Failing to operate the aforesaid 2017 Box Truck motor vehicle at a safe speed under the circumstances;

4

d.      Failing to act with due regard for the point and position of the aforesaid 2012 Mercedes Benz S63 motor vehicle and the safety of the Plaintiff;

e.      Failing to keep a proper and adequate lookout for the aforesaid 2012 Mercedes Benz S63 motor vehicle and other vehicles traveling on the roadway;

f.      Failing to operate the aforesaid 2017 Box Truck with due care and prudence at the point aforesaid;

g.      Failing to keep the aforesaid 2017 Box Truck under proper and adequate control at all times upon the roadway;

h.      Driving too fast for the conditions that were directly in front of him;

i.      Failing to apply the brakes in time to avoid the collision;

j.      Failing to drive at a safe speed and in a manner that would allow Defendant to stop within the assured cleared distance ahead;

k.      Violating the applicable driver safety rules of the road;

l.      Operating the aforesaid 2017 Box Truck without proper vehicle training;

m.      Operating the 2017 Box Truck without proper driver safety training;

n.      Operating the 2017 Box Truck in violation of the Federal Motor Carrier Safety Regulations and industry standards and practices;

o.      Failing to properly inspect, service and maintain the aforesaid 2017 Box Truck and its systems, including but not limited to the tires and brakes;

p.      Failing to have proper training in the operation of the 2017 Box Truck;

q.      Failing to pay attention while driving;

r.      Driving distracted;

s.      Texting and/or searching on and/or otherwise using his cell phone while operating the aforesaid 2017 Box Truck which caused him to be distracted from observing the traffic control signals;

5

t.    Using his cell phone in such a manner to cause a distraction that prevented him from safely operating the aforesaid 2017 Box Truck on the roadway; and

u.    Violating the various ordinances, statutes and laws of the Commonwealth of Pennsylvania pertaining to the operation of motor vehicles, including but not limited to 75 Pa.C.S. §1621; 75 Pa.C.S. §1622; 75 Pa.C.S. §3111; 75 Pa.C.S. §3112; 75 Pa.C.S. §3316; 75 Pa.C.S. §3361; 75 Pa.C.S. §3362; 75 Pa.C.S. §3714; and 75 Pa.C.S. §3736.

24.    At all times herein concerned, Defendant, Rivera, was acting within the scope of his employment with Defendant, Bergey, and therefore Defendant, Bergey, is legally responsible for Defendant, Rivera's negligent and/or wrongful conduct.

25.    In the alternative, at all times herein concerned, Defendant, Rivera, was acting within the scope of his employment with Defendant, Eckley, and therefore Defendant, Eckley, is legally responsible for Defendant, Rivera's negligent and/or wrongful conduct

26.    As a result of the aforesaid collision, which was caused by the negligence, carelessness and recklessness of the Defendant, as aforesaid, the Plaintiff, Daniel Incollingo, suffered injuries which are serious, severe and permanent, including, but not limited to: lumbar strain and sprain, lumbar radiculopathy, cervicalgia, cervical strain and sprain, head trauma, concussion, posttraumatic headache, dizziness, fatigue, impaired cognition, disorder of oculomotor system, damage to his spinal structures, aggravation, acceleration and/or activation of any pre-existing condition or conditions regarding same, as well as a severe shock to his emotional, psychological and nervous systems, all of which have caused, continue to cause and probably in the future will cause him great pain and agony.

27.     As a further result of the negligence, carelessness and recklessness of the Defendant as aforesaid, Plaintiff, Daniel Incollingo, has suffered severe physical pain, mental anguish and humiliation, severe psychological pain and suffering, and loss of life's pleasures and may continue to do so for an indefinite period into the future.

28.     By reason of the injuries sustained as aforesaid, the Plaintiff, Daniel Incollingo has been and may continue to be hindered from attending his daily duties, functions, occupations and avocations, to his great detriment and loss.

29.     As a further result of this collision, Plaintiff, Daniel Incollingo, has been, or will be obliged to receive and undergo medical attention and care and to expend various sums of money or incur various expenses, which expenses have, or may in the future, exceed the sums recoverable under the limits in 75 Pa.C.S. §1711, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

30.     At all times material to this action, Plaintiff, Daniel Incollingo, is afforded full tort status under 75 Pa.C.S. §1705, permitting him to recover damages for non-economic loss and economic loss.

31.     In the alternative, at all times material to this action, Plaintiff, Daniel Incollingo, has breached the limited tort threshold due to the severity of his injuries and is afforded full tort status under 75 Pa.C.S. §1705, permitting him to recover damages for non-economic loss and economic loss.

WHEREFORE, Plaintiff, Daniel Incollingo, demands judgment against the Defendant, Alan Rivera, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus delay damages, along with costs and fees.

## COUNT II

## PLAINTIFF, DANIEL INCOLLINGO v. DEFENDANT, BERGEY'S TRUCKS, INC.

## NEGLIGENCE

32.　　Plaintiffs herein incorporate by reference the allegations contained in paragraphs 1through 31 above, as fully as though the same were set forth herein at length.

33.　　The aforesaid collision was caused by the negligence, carelessness and recklessness of Defendant, Bergey's, and consisted of the following:

　　　　a.　　Failing to properly vet and screen its prospective commercial motor vehicle drivers, including Defendant, Rivera;

　　　　b.　　Failing to conduct proper background checks and screening of prospective commercial motor vehicle drivers, including Defendant, Rivera;

　　　　c.　　Failing to properly monitor its agent, servant, workman and/or employee, Defendant, Rivera, while in its employ;

　　　　d.　　Failing to comply with the Federal Motor Carrier Safety Regulations;

　　　　e.　　Failing to enforce the Federal Motor Carrier Safety Regulations, national safety regulations and industry standards, upon its agent, servant, workman and/or employee, Defendant, Rivera;

　　　　f.　　Failing to properly instruct its agent, servant, workman and/or employee, Defendant, Rivera, regarding the safe and proper operation of the subject commercial motor vehicle;

　　　　g.　　Failing to properly train its commercial motor vehicle drivers, including Defendant, Rivera, in compliance with the requirements of the Federal Motor Carrier Safety Act;

　　　　h.　　Failing to properly train its commercial motor vehicle drivers, including Defendant, Rivera, on Bergey's Trucks, Inc.'s Rules and Regulations as well as its Handbook;

i.      Failing to properly supervise its commercial motor vehicle drivers, including Defendant, Rivera, on Bergey's Trucks, Inc.'s Rules and Regulations as well as its Handbook;

j.      Failing to properly monitor for safety compliance its commercial motor vehicle drivers, including Defendant, Rivera, on Bergey's Trucks, Inc.'s Rules and Regulations as well as its Handbook;

k.      Failing to properly enforce its commercial motor vehicle drivers, including  Defendant, Rivera, on Bergey's Trucks, Inc.'s Rules and Regulations as well as its Handbook;

l.      Failing to comply with the inspection and maintenance requirements of the Federal Motor Carrier Safety Act for the aforesaid 2017 Box Truck;

m.      Failing to hire commercial motor vehicle drivers according to the requirements of the Federal Motor Carrier Safety Act;

n.      Failing to hire competent, safe and knowledgeable commercial motor vehicle drivers for its business, who would operate said commercial motor vehicles in accordance with the requirements of the Federal Motor Carrier Safety Regulations;

o.      Failing to properly supervise and monitor its commercial motor vehicle drivers, including Defendant, Rivera;

p.      Entrusting commercial motor vehicle to a driver who it knew or should have known was not properly hired and trained in its operations;

q.      Negligently consenting and entrusting its motor vehicle to its agent, servant, workman and/or employee, Defendant, Rivera, when it knew or reasonably should have known that said Defendant, Rivera, would allow the involved 2017 Box Truck to collide with other vehicles traveling upon the roadway, including the aforesaid 2012 Mercedes S63 motor vehicle;

9

r.      Negligently consenting and entrusting its motor vehicle to its agent, servant, workman and/or employee, Defendant, Rivera, when it knew or reasonably should have known that said Defendant, Rivera would operate the involved 2017 Box Truck without due regard for the point and position, rights or safety of the Plaintiff; and

s.      Negligently consenting and entrusting its vehicle to Defendant, Rivera, who it knew or should have known, would operate the vehicle in a negligent and careless manner, and had a propensity toward negligence and recklessness.

34.     At all times herein concerned, Defendant, Rivera, was acting within the scope of his employment with Defendant, Bergey's, and therefore Defendant, Bergey's, is legally responsible for Defendant, Rivera's negligent and/or wrongful conduct.

35.     As a result of the aforesaid collision, which was caused by the negligence, carelessness and recklessness of the Defendant, as aforesaid, the Plaintiff, Daniel Incollingo suffered injuries which are serious, severe and permanent, including, but not limited to: lumbar strain and sprain, lumbar radiculopathy, cervicalgia, cervical strain and sprain, head trauma, concussion, posttraumatic headache, dizziness, fatigue, impaired cognition, disorder of oculomotor system, damage to his spinal structures, aggravation, acceleration and/or activation of any pre-existing condition or conditions regarding same, as well as a severe shock to his emotional, psychological and nervous systems, all of which have caused, continue to cause and probably in the future will cause him great pain and agony.

36.     As a further result of the negligence, carelessness and recklessness of the Defendant as aforesaid, Plaintiff, Daniel Incollingo, has suffered severe physical pain, mental anguish and humiliation, severe psychological pain and suffering, and loss of life's pleasures and may continue to do so for an indefinite period into the future.

10

37.     By reason of the injuries sustained as aforesaid, the Plaintiff, Daniel Incollingo has been and may continue to be hindered from attending his daily duties, functions, occupations and avocations, to his great detriment and loss.

38.     As a further result of this collision, Plaintiff, Daniel Incollingo, has been, or will be obliged to receive and undergo medical attention and care and to expend various sums of money or incur various expenses, which expenses have, or may in the future, exceed the sums recoverable under the limits in 75 Pa.C.S. §1711, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

39.     At all times material to this action, Plaintiff, Daniel Incollingo, is afforded full tort status under 75 Pa.C.S. §1705, permitting him to recover damages for non-economic loss and economic loss.

40.     In the alternative, at all times material to this action, Plaintiff, Daniel Incollingo, has breached the limited tort threshold due to the severity of his injuries and is afforded full tort status under 75 Pa.C.S. §1705, permitting him to recover damages for non-economic loss and economic loss.

WHEREFORE, Plaintiff, Daniel Incollingo, demands judgment against the Defendant, Bergey's Trucks, Inc., in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus delay damages, along with costs and fees.

## COUNT III

### PLAINTIFF, DANIEL INCOLLINGO v.
### DEFENDANT, ECKLEY LOGISTICS SYSTEMS INC.

### NEGLIGENCE

41.     Plaintiffs herein incorporate by reference the allegations contained in paragraphs 1 through 40 above, as fully as though the same were set forth herein at length.

42.     The aforesaid collision was caused by the negligence, carelessness and recklessness of Defendant, Eckley, and consisted of the following:

11

a.      Failing to properly vet and screen its prospective commercial motor vehicle drivers, including Defendant, Rivera;

b.      Failing to conduct proper background checks and screening of prospective commercial motor vehicle drivers, including Defendant, Rivera;

c.      Failing to properly monitor its agent, servant, workman and/or employee, Defendant, Rivera, while in its employ;

d.      Failing to comply with the Federal Motor Carrier Safety Regulations;

e.      Failing to enforce the Federal Motor Carrier Safety Regulations, national safety regulations and industry standards, upon its agent, servant, workman and/or employee, Defendant, Rivera;

f.      Failing to properly instruct its agent, servant, workman and/or employee, Defendant, Rivera, regarding the safe and proper operation of the subject commercial motor vehicle;

g.      Failing to properly train its commercial motor vehicle drivers, including Defendant, Rivera, in compliance with the requirements of the Federal Motor Carrier Safety Act;

h.      Failing to properly train its commercial motor vehicle drivers, including Defendant, Rivera, on Bergey's Trucks, Inc.'s Rules and Regulations as well as its Handbook;

i.      Failing to properly supervise its commercial motor vehicle drivers, including Defendant, Rivera, on Bergey's Trucks, Inc.'s Rules and Regulations as well as its Handbook;

j.      Failing to properly monitor for safety compliance its commercial motor vehicle drivers, including Defendant, Rivera, on Bergey's Trucks, Inc.'s Rules and Regulations as well as its Handbook;

12

k.   Failing to properly enforce its commercial motor vehicle drivers, including Defendant, Rivera, on Bergey's Trucks, Inc.'s Rules and Regulations as well as its Handbook;

l.   Failing to comply with the inspection and maintenance requirements of the Federal Motor Carrier Safety Act for the aforesaid 2017 Box Truck;

m.   Failing to hire commercial motor vehicle drivers according to the requirements of the Federal Motor Carrier Safety Act;

n.   Failing to hire competent, safe and knowledgeable commercial motor vehicle drivers for its business, who would operate said commercial motor vehicles in accordance with the requirements of the Federal Motor Carrier Safety Regulations;

o.   Failing to properly supervise and monitor its commercial motor vehicle drivers, including Defendant, Rivera;

p.   Entrusting commercial motor vehicle to a driver who it knew or should have known was not properly hired and trained in its operations;

q.   Negligently consenting and entrusting its motor vehicle to its agent, servant, workman and/or employee, Defendant, Rivera, when it knew or reasonably should have known that said Defendant, Rivera, would allow the involved 2017 Box Truck to collide with other vehicles traveling upon the roadway, including the aforesaid 2012 Mercedes S63 motor vehicle;

r.   Negligently consenting and entrusting its motor vehicle to its agent, servant, workman and/or employee, Defendant, Rivera, when it knew or reasonably should have known that said Defendant, Rivera would operate the involved 2017 Box Truck without due regard for the point and position, rights or safety of the Plaintiff; and

13

s.    Negligently consenting and entrusting its vehicle to Defendant, Rivera, who it knew or should have known, would operate the vehicle in a negligent and careless manner, and had a propensity toward negligence and recklessness.

43.    At all times herein concerned, Defendant, Rivera, was acting within the scope of his employment with Defendant, Eckley, and therefore Defendant, Eckley, is legally responsible for Defendant, Rivera's negligent and/or wrongful conduct.

44.    As a result of the aforesaid collision, which was caused by the negligence, carelessness and recklessness of the Defendant, as aforesaid, the Plaintiff, Daniel Incollingo suffered injuries which are serious, severe and permanent, including, but not limited to:  lumbar strain and sprain, lumbar radiculopathy, cervicalgia, cervical strain and sprain, head trauma, concussion, posttraumatic headache, dizziness, fatigue, impaired cognition, disorder of oculomotor system, damage to his spinal structures, aggravation, acceleration and/or activation of any pre-existing condition or conditions regarding same, as well as a severe shock to his emotional, psychological and nervous systems, all of which have caused, continue to cause and probably in the future will cause him great pain and agony.

45.    As a further result of the carelessness, negligence and recklessness of the Defendant as aforesaid, Plaintiff, Daniel Incollingo, has suffered severe physical pain, mental anguish and humiliation, severe psychological pain and suffering, and loss of life's pleasures and may continue to do so for an indefinite period into the future.

46.    By reason of the injuries sustained as aforesaid, the Plaintiff, Daniel Incollingo has been and may continue to be hindered from attending his daily duties, functions, occupations and avocations, to his great detriment and loss.

47.    As a further result of this collision, Plaintiff, Daniel Incollingo, has been, or will be obliged to receive and undergo medical attention and care and to expend various sums of money or incur various expenses, which expenses have, or may in the future, exceed the sums

14

recoverable under the limits in 75 Pa.C.S. §1711, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

48.     At all times material to this action, Plaintiff, Daniel Incollingo, is afforded full tort status under 75 Pa.C.S. §1705, permitting him to recover damages for non-economic loss and economic loss.

49.     In the alternative, at all times material to this action, Plaintiff, Daniel Incollingo, has breached the limited tort threshold due to the severity of his injuries and is afforded full tort status under 75 Pa.C.S. §1705, permitting him to recover damages for non-economic loss and economic loss.

WHEREFORE, Plaintiff, Daniel Incollingo, demands judgment against the Defendant, Eckley Logistics Systems Inc., in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus delay damages, along with costs and fees.

## COUNT IV

## PLAINTIFF, DANIEL INCOLLINGO  v. DEFENDANT, ALAN RIVERA

## PUNITIVE DAMAGES

50.     Plaintiffs herein incorporate by reference the allegations contained in paragraphs 1through 49 above, as fully as though the same were set forth herein at length.

51.     Prior to November 24, 2021, Defendant, Rivera, was fully aware that driving while not paying attention and while distracted increased the likelihood of a driver causing a collision and decreased the ability of a driver to observe, perceive and react to other vehicles.

52.     At all times herein concerned, Defendant, Rivera, was fully aware and knowledgeable that operating the aforesaid 2017 Box Truck while not paying attention and by driving distracted, he may become incapable of safely operating said vehicle.

53.     Defendant, Rivera, knew or should have known that operating a motor vehicle while distracted and not paying attention would render him unable to safely operate his vehicle.

15

54.     Defendant, Rivera, knew or should have known that operating a motor vehicle while distracted and not paying attention on a highway or roadway, constitutes outrageous conduct and a reckless indifference to the rights and safety of others on the roadway.

55.     Defendant, Rivera, knew or should have known that operating a motor vehicle while distracted and not paying attention creates a high degree of risk of injury or death to others.

56.     Prior to November 24, 2021, Defendant, Rivera, was fully aware that texting, searching and/or otherwise using a cell phone while driving posed a distraction to the driver, increasing the likelihood that the driver would take their eyes off of the roadway and decrease the ability to observe, perceive and react to other vehicles.

57.     At all times herein concerned, Defendant, Rivera, was fully aware and knowledgeable that by texting, searching and/or otherwise using a hand-held cell phone while operating the 2017 Box Truck, he may become incapable of safely operating said vehicle.

58.     Defendant, Rivera, knew or should have known that operating a motor vehicle while being distracted on a cell phone would render him unable to safely operate his vehicle.

59.     Defendant, Rivera, knew or should have known that operating a motor vehicle while texting, searching and/or otherwise using a cell phone on a highway or roadway, constitutes outrageous conduct and a reckless indifference to the rights and safety of others on the roadway.

60.     Defendant, Rivera, knew or should have known that operating a motor vehicle while texting, searching and/or otherwise using a cell phone creates a high degree of risk of injury to others.

61.     Defendant, Rivera, knew or should have known that operating a motor vehicle while texting, searching and/or otherwise using a cell phone, combined with driving too fast for the conditions, and driving distracted, created a high degree of risk of injury or death to others.

16

62.     Defendant, Rivera's reckless and outrageous conduct did cause a motor vehicle collision resulting in personal injury and property damage, and a claim for punitive damages is being made.

63.     Defendant, Rivera, has violated the various ordinances, statutes and laws of the Commonwealth of Pennsylvania pertaining to the operation of motor vehicles, including but not limited to 75 Pa.C.S. §1621; 75 Pa.C.S. §1622; 75 Pa.C.S. §3111; 75 Pa.C.S. §3112; 75 Pa.C.S. §3316; 75 Pa.C.S. §3361; 75 Pa.C.S. §3362; 75 Pa.C.S. §3714; and 75 Pa.C.S. §3736.

64.     Defendant, Rivera's propensity for driving motor vehicles in a careless and reckless manner was a substantial factor in causing the collision with Plaintiff.

65.     The aforesaid collision was caused by Defendant, Rivera's intentional, willful, wanton and reckless conduct and consisted of the following:

  a.     Operating the aforesaid 2017 Box Truck while not paying attention, with full knowledge that he may become incapable of safely operating said vehicle;

  b.     Operating the aforesaid 2017 Box Truck while distracted, rendering him incapable of safely operating said vehicle.

  c.     Using a hand-held cell phone while operating the aforesaid 2017 Box Truck with full knowledge that in using the hand-held cell phone, he may become incapable of safely operating said vehicle;

  d.     Operating the aforesaid 2017 Box Truck while using a hand-held cell phone, rendering him incapable of safely operating said vehicle;

  e.     Operating the aforesaid 2017 Box Truck while texting, searching and/or otherwise using a hand-held cell phone;

  f.     Operating the aforesaid 2017 Box Truck after having knowledge that the vehicle was in poor condition.

WHEREFORE, Plaintiff, Daniel Incollingo, demands punitive damages against Defendant, Alan Rivera, along with costs and fees.

## COUNT V

## PLAINTIFF, DANIEL INCOLLINGO  v. DEFENDANT, BERGEY'S TRUCKS, INC.
## PUNITIVE DAMAGES

66.      Plaintiffs herein incorporate by reference the allegations contained in paragraphs 1through 65 above, as fully as though the same were set forth herein at length.

67.      Prior to November 24, 2021, Defendant, Rivera, was fully aware that driving while not paying attention and while distracted increased the likelihood of a driver causing a collision and decreased the ability of a driver to observe, perceive and react to other vehicles.

68.      At all times herein concerned, Defendant, Rivera, was fully aware and knowledgeable that operating the aforesaid 2017 Box Truck while not paying attention and by driving distracted, he may become incapable of safely operating said vehicle.

69.      Defendant, Rivera, knew or should have known that operating a motor vehicle while distracted and not paying attention would render him unable to safely operate his vehicle.

70.      Defendant, Rivera, knew or should have known that operating a motor vehicle while distracted and not paying attention on a highway or roadway, constitutes outrageous conduct and a reckless indifference to the rights and safety of others on the roadway.

71.      Defendant, Rivera, knew or should have known that operating a motor vehicle while distracted and not paying attention creates a high degree of risk of injury or death to others.

72.      Prior to November 24, 2021, Defendant, Rivera, was fully aware that texting, searching and/or otherwise using a cell phone while driving posed a distraction to the driver, increasing the likelihood that the driver would take their eyes off of the roadway and decrease the ability to observe, perceive and react to other vehicles.

73.     At all times herein concerned, Defendant, Rivera, was fully aware and knowledgeable that by texting, searching and/or otherwise using a hand-held cell phone while operating the 2017 Box Truck, he may become incapable of safely operating said vehicle.

74.     Defendant, Rivera, knew or should have known that operating a motor vehicle while being distracted on a cell phone would render him unable to safely operate his vehicle.

75.     Defendant, Rivera, knew or should have known that operating a motor vehicle while texting, searching and/or otherwise using a cell phone on a highway or roadway, constitutes outrageous conduct and a reckless indifference to the rights and safety of others on the roadway.

76.     Defendant, Rivera, knew or should have known that operating a motor vehicle while texting, searching and/or otherwise using a cell phone creates a high degree of risk of injury to others.

77.     Defendant, Rivera, knew or should have known that operating a motor vehicle while texting, searching and/or otherwise using a cell phone, combined with driving too fast for the conditions, and driving distracted, created a high degree of risk of injury or death to others.

78.     Defendant, Rivera's reckless and outrageous conduct did cause a motor vehicle collision resulting in personal injury and property damage, and a claim for punitive damages is being made.

79.     Defendant, Rivera, has violated the various ordinances, statutes and laws of the Commonwealth of Pennsylvania pertaining to the operation of motor vehicles, including but not limited to 75 Pa.C.S. §1621; 75 Pa.C.S. §1622; 75 Pa.C.S. §3111; 75 Pa.C.S. §3112; 75 Pa.C.S. §3316; 75 Pa.C.S. §3361; 75 Pa.C.S. §3362; 75 Pa.C.S. §3714; and 75 Pa.C.S. §3736.

80.     Defendant, Rivera's propensity for driving motor vehicles in a careless and reckless manner was a substantial factor in causing the collision with Plaintiff.

81.     At all times herein concerned, Defendant, Bergey's, knew or should have known of Defendant, Rivera's propensity for driving motor vehicles in a careless and reckless manner.

82.     The aforesaid collision was caused by Defendants, Rivera and Bergey's intentional, willful, wanton and reckless conduct and consisted of the following:

a.      Operating the aforesaid 2017 Box Truck while not paying attention, with full knowledge that he may become incapable of safely operating said vehicle;

b.      Operating the aforesaid 2017 Box Truck while distracted, rendering him incapable of safely operating said vehicle.

c.      Using a hand-held cell phone while operating the aforesaid 2017 Box Truck with full knowledge that in using the hand-held cell phone, he may become incapable of safely operating said vehicle;

d.      Operating the aforesaid 2017 Box Truck while using a hand-held cell phone, rendering him incapable of safely operating said vehicle;

e.      Operating the aforesaid 2017 Box Truck while texting, searching and/or otherwise using a hand-held cell phone;

f.      Operating the aforesaid 2017 Box Truck after having knowledge that the vehicle was in poor condition.

WHEREFORE, Plaintiff, Daniel Incollingo, demands punitive damages against Defendant, Bergey's Trucks, Inc., along with costs and fees.

## COUNT VI

**PLAINTIFF, DANIEL INCOLLINGO  v. DEFENDANT, ECKLEY LOGISTICS SYSTEMS INC.**

### PUNITIVE DAMAGES

83.     Plaintiffs herein incorporate by reference the allegations contained in paragraphs 1through 82 above, as fully as though the same were set forth herein at length.

84.     Prior to November 24, 2021, Defendant, Rivera, was fully aware that driving while not paying attention and while distracted increased the likelihood of a driver causing a collision and decreased the ability of a driver to observe, perceive and react to other vehicles.

85.     At all times herein concerned, Defendant, Rivera, was fully aware and knowledgeable that operating the aforesaid 2017 Box Truck while not paying attention and by driving distracted, he may become incapable of safely operating said vehicle.

86.     Defendant, Rivera, knew or should have known that operating a motor vehicle while distracted and not paying attention would render him unable to safely operate his vehicle.

87.     Defendant, Rivera, knew or should have known that operating a motor vehicle while distracted and not paying attention on a highway or roadway, constitutes outrageous conduct and a reckless indifference to the rights and safety of others on the roadway.

88.     Defendant, Rivera, knew or should have known that operating a motor vehicle while distracted and not paying attention creates a high degree of risk of injury or death to others.

89.     Prior to November 24, 2021, Defendant, Rivera, was fully aware that texting, searching and/or otherwise using a cell phone while driving posed a distraction to the driver, increasing the likelihood that the driver would take their eyes off of the roadway and decrease the ability to observe, perceive and react to other vehicles.

90.     At all times herein concerned, Defendant, Rivera, was fully aware and knowledgeable that by texting, searching and/or otherwise using a hand-held cell phone while operating the 2017 Box Truck, he may become incapable of safely operating said vehicle.

21

91.     Defendant, Rivera, knew or should have known that operating a motor vehicle while being distracted on a cell phone would render him unable to safely operate his vehicle.

92.     Defendant, Rivera, knew or should have known that operating a motor vehicle while texting, searching and/or otherwise using a cell phone on a highway or roadway, constitutes outrageous conduct and a reckless indifference to the rights and safety of others on the roadway.

93.     Defendant, Rivera, knew or should have known that operating a motor vehicle while texting, searching and/or otherwise using a cell phone creates a high degree of risk of injury to others.

94.     Defendant, Rivera, knew or should have known that operating a motor vehicle while texting, searching and/or otherwise using a cell phone, combined with driving too fast for the conditions, and driving distracted, created a high degree of risk of injury or death to others.

95.     Defendant, Rivera's reckless and outrageous conduct did cause a motor vehicle collision resulting in personal injury and property damage, and a claim for punitive damages is being made.

96.     Defendant, Rivera, has violated the various ordinances, statutes and laws of the Commonwealth of Pennsylvania pertaining to the operation of motor vehicles, including but not limited to 75 Pa.C.S. §1621; 75 Pa.C.S. §1622; 75 Pa.C.S. §3111; 75 Pa.C.S. §3112; 75 Pa.C.S. §3316; 75 Pa.C.S. §3361; 75 Pa.C.S. §3362; 75 Pa.C.S. §3714; and 75 Pa.C.S. §3736.

97.     Defendant, Rivera's propensity for driving motor vehicles in a careless and reckless manner was a substantial factor in causing the collision with Plaintiff.

98.     At all times herein concerned, Defendant, Eckley, knew or should have known of Defendant, Rivera's propensity for driving motor vehicles in a careless and reckless manner.

99.     The aforesaid collision was caused by Defendants, Rivera and Eckley's intentional, willful, wanton and reckless conduct and consisted of the following:

22

a.     Operating the aforesaid 2017 Box Truck while not paying attention, with full knowledge that he may become incapable of safely operating said vehicle;

b.     Operating the aforesaid 2017 Box Truck while distracted, rendering him incapable of safely operating said vehicle.

c.     Using a hand-held cell phone while operating the aforesaid 2017 Box Truck with full knowledge that in using the hand-held cell phone, he may become incapable of safely operating said vehicle;

d.     Operating the aforesaid 2017 Box Truck while using a hand-held cell phone, rendering him incapable of safely operating said vehicle;

e.     Operating the aforesaid 2017 Box Truck while texting, searching and/or otherwise using a hand-held cell phone;

f.     Operating the aforesaid 2017 Box Truck after having knowledge that the vehicle was in poor condition.

WHEREFORE, Plaintiff, Daniel Incollingo, demands punitive damages against Defendant, Eckley Logistics Inc., along with costs and fees.

## COUNT VII

## SANDRA INCOLLINGO v. DEFENDANTS

100.    Plaintiff herein incorporates by reference the allegations contained in paragraphs 1through 99 above, as fully as through same were set forth herein at length.

101.    As a result of the injuries sustained by her husband, Daniel Incollingo, the Plaintiff, Sandra Incollingo, has been deprived of her husband's assistance, comfort, society and consortium, any and all of which may continue and all of which have been to the great loss of Plaintiff, Sandra Incollingo.

23

WHEREFORE, Plaintiff, Sandra Incollingo, demands judgment against Defendants, Alan Rivera, Bergey's Trucks, Inc. and Eckley Logistics Systems Inc., in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus delay damages, along with costs and fees.

/s/ Alfred V. Altopiedi
ALFRED V. ALTOPIEDI, ESQUIRE (40313)
ALFRED V. ALTOPIEDI, P.C.
902 Old Marple Road
Springfield, PA 19064
(610) 544-1800
FAX (610) 544-1808
ava@pilawyer.com
debbie@pilawyer.com
Attorney for Plaintiffs