IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL INCOLLINGO AND SANDRA INCOLLINGO,** *Plaintiffs*, v. **ALAN RIVERA, BERGEY'S TRUCKS, INC., AND ECKLEY LOGISTICS SYSTEMS, INC.,** *Defendants*. | **CIVIL ACTION NO. 2:22-cv-01789-MMB** |

### MEMORANDUM

**BAYLSON, J.**                                                                                           **OCTOBER 4, 2022**

## I.   INTRODUCTION

Plaintiffs Daniel and Sandra Incollingo ("Plaintiffs") allege that they suffered injuries from a car accident caused by the inattentiveness of Defendant Alan Rivera ("Rivera"). Plaintiffs allege in their Amended Complaint that Rivera was distracted by his cellphone when he drove his box truck through a redlight, hitting Daniel Incollingo's sedan and causing him to suffer physical and emotional injuries. Daniel's wife Sandra, who was not riding in the sedan at the time of the accident, alleges loss of consortium due to husband Daniel's injuries. Plaintiffs allege that at the time of the accident Defendant Bergey's Trucks, Inc. ("Bergey's Trucks") owned the box truck and that the box truck was being leased or rented out for use to Defendant Eckley Logistics Systems, Inc. ("Eckley Logistics").

Rivera, Bergey's Trucks and Eckley Logistics filed this Motion to Dismiss Plaintiffs' Amended Complaint on July 5, 2022. They argue that this Court must dismiss from the Amended Complaint "all allegations of 'reckless indifference,' 'recklessness,' 'willful and wanton conduct,' 'outrageous conduct' and 'intentional conduct,'" as well as Plaintiffs' "claims for Punitive

1

Damages in Counts I, II and III." For the reasons set out below, the Defendants' Motion is DENIED.

## II.    JURISDICTION

This Court finds the jurisdictional requirements of this case are satisfied under 28 U.S.C. § 1332(a)(1) because the Plaintiff has adequately alleged facts showing the action is between citizens of different states and involves an amount in controversy in excess of $75,000.

## III.   FACTS AND PROCEDURAL HISTORY

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations and citations omitted). According to the allegations made by Plaintiffs in their Amended Complaint, on the afternoon of Thanksgiving 2021 Plaintiff Daniel Incollingo was making a lefthand turn off of Route 352 in Media, Pennsylvania. He observed that the left turn arrow of the stoplight was flashing yellow, indicating he should allow oncoming traffic to pass before executing his turn. When oncoming traffic stopped for a red light, he executed his turn, at which time Defendant Rivera's truck came through the intersection against the red light and hit Daniel's sedan in the passenger side rear quarter panel. Plaintiffs allege physical and emotional injuries resulting from the accident.

Plaintiffs filed their original Complaint on May 9, 2022. Defendants filed a Motion to Dismiss Plaintiffs' Complaint on June 2, 2022, but before this Court could make a ruling Plaintiffs filed an Amended Complaint on June 14, 2022. Given the new filing, this Court then denied the Motion to Dismiss Plaintiffs' Original Complaint as moot, leading to Defendants' current Motion

to Dismiss and to Plaintiffs' Response, which were filed respectively on July 5, 2022 and July 18, 2022.

IV. **DISCUSSION**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although a court must accept as true all factual allegations contained in a complaint, this requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.")). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A. **Plaintiffs Have Pled Sufficient Facts to Withstand a Rule 12(b)(6) Motion**

Under Pennsylvania tort law, punitive damages are permitted for negligence actions if the defendant's conduct "'goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured.'" Mulholland v. Gonzalez, No. 08-3901, 2008 WL 5273588 at *5 (E.D. Pa. Dec. 18, 2008) (Baylson, J.) (quoting Hutchinson v. Luddy, 870 .2D 766, 770 (Pa. 2005). To state a claim for punitive damages under Pennsylvania law, "'the pleadings must allege facts sufficient to

3

demonstrate evil motive or reckless indifference to the rights of others.'" Id. (quoting Great West Life Assurance Co. v. Levithan, 834 F.Supp. 858, 864 (E.D. Pa. 1993) (Joyner, J.).

Plaintiffs allege in their pleadings that Rivera drove the box truck through a redlight and that he was distracted by his cellphone at the time. Plaintiffs also allege in their pleadings that Bergey's Trucks and Eckley Logistics recklessly hired and supervised Rivera, that they had prior knowledge of Rivera's propensity to drive distracted, and that they did not comply with regulations and policies governing vehicle maintenance, operation and safety. Defendants argue that these allegations do not rise to the level of reckless disregard necessary to meet the punitive damages pleading standard, and that the claims and language ("recklessness," outrageous conduct," etc…) must be dismissed from the Amended Complaint under F.R.C.P. 12(b)(6).

Plaintiffs have pled sufficient facts here to proceed with their punitive damages claims. This Court has in the past found that well-pled claims involving the disregard of traffic signals have sufficiently established claims for punitive damages at the pleadings stage. Simpson v. Buchanan, No. 20-2583, 2020 WL 4504444 at *4 (E.D. Pa. Aug. 5, 2020) (Pappert, J.) (defendant looking down at cellphone while driving could be "operating the vehicle in a reckless manner sufficient to give rise to an award of punitive damages"); Mulholland v. Gonzalez, No. 08-3901, 2008 WL 5273588 at *6 (E.D. Pa. Dec. 18, 2008) (Baylson, J.) ("Plaintiff has explicitly alleged facts—turning on the red light and changing lanes—that a finder of fact could later believe were sufficiently outrageous to demonstrate an evil motive or reckless indifference"). The same goes for conduct by company defendants allegedly connected by agency in relation to vehicle accident cases. Tjokrowidjojo v. San Lucas, No. 20-6564, 2021 WL 1143379 at *3-4 (E.D. Pa. Mar. 25, 2021) (Kearney, J.) (plaintiff's allegation that trucking company was reckless in hiring and supervising drivers was sufficient to state a claim for punitive damages); Gonzalez v. Seashore

4

Fruit & Produce, No. 19-1422, 2020 WL 2571101 at *3-4 (E.D. Pa. May 21, 2020) (Goldberg, J.) (punitive damages claims regarding employer conduct in vehicle accident case "would withstand a motion to dismiss").  Here, Plaintiffs' allegations are sufficient to move forward.

      For the reasons set forth above, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint is DENIED.  An appropriate order follows.

O:\CIVIL 22\22-1789 Incollingo et al v. Rivera et al\22cv1789 Memo re MTD.docx